**In re Petition for DISCIPLINARY ACTION AGAINST James F. McGOVERN, an Attorney at Law of the State of Minnesota.**

**No. C5–84–892.**

Supreme Court of Minnesota.

Nov. 18, 1987.

---

**ORDER**

AMDAHL, Chief Justice.

The respondent James F. McGovern has been charged by the Director of the Lawyers Professional Responsibility Board with several counts of lawyer misconduct by a petition duly filed with this court. Subsequently a supplemental petition for disciplinary action was filed by the Director and later a second supplemental petition for disciplinary action as modified was filed with this court. The parties entered in a stipulation whereby the Director agreed to amend the original May 1, 1984, petition for disciplinary action and the July 20, 1987 second supplemental petition for disciplinary action. Following those amendments, by that stipulation the respondent has withdrawn his answer to the petition for disciplinary action to the first supplemental petition for disciplinary action and to the second supplemental petition for disciplinary action as modified by the stipulation, and he has further unconditionally admitted the allegations of the petitions as so modified. As modified and pursuant to the stipulation, the respondent admits:

1. That in September 1979 one Tom Henderlite gave him $30,000 to invest. By November of 1981 $26,800 of that investment had been repaid. At about that time respondent recommended and Henderlite agreed to exchange his investment interest for 33,000 shares of Combined Companies, Inc. (CCI). Respondent advised Henderlite the exchange had been made.

2. Between November 1981 and July 1983 Henderlite repeatedly requested respondent deliver the stock certificates to him. When they were not returned, respondent complained to the Director of Lawyers Professional Responsibility.

3. In response to an inquiry by the Director, the respondent indicated that he intended to deliver the CCI stock to the Henderlites by November 20, 1983. In fact, however, in June 1983 respondent had assigned to a Richard J. Agar his option to purchase CCI stock. Agar had paid respondent $40,000 for the option and exercised the option to acquire 80,000 shares of CCI stock.

4. In December 1983 respondent told Henderlite that the CCI stock was being delivered to a transfer agent and that the agent would make transfers necessary for the delivery of stock to Henderlite. These representations by respondent were false.

5. Respondent's conduct in assigning the CCI stock option to a third party for $40,000 and appropriating the $40,000 to his own benefit violated DR 1–102(A)(4) and (6), Minnesota Code of Professional Responsibility.

6. Respondent's conduct in not delivering the CCI stock to Henderlite as agreed and in failing to account truthfully for this failure breached respondent's obligations to Henderlite and violated the disciplinary rules including DR 1–102(A)(4), Minnesota Code of Professional Responsibility.

7. On April 17, 1983, respondent, as president of CCI withdrew $20,000 from CCI's Summit National Bank account and purchased a money order payable to the Pole Company.

8. Respondent delivered the $20,000 money order to the Pole Company in payment of his own antecedent personal obligations. Respondent caused the $20,000 payment to be entered on the books and records of the Pole Company as a "deposit" in order to fraudulently conceal his misappropriation.

9. Respondent's conduct in misappropriating CCI's funds violated DR 1–102(A)(4), Minnesota Code of Professional Responsibility.

10. On July 8, 1987, respondent was convicted of violating 15 U.S.C. §§ 77q(a) and 77x and 18 U.S.C. § 2 (stock fraud) in connection with his representation of Flight Transportation Company.

11. Respondent's conduct in violating these federal criminal statutes, violated DR 1–102(A)(3), (4), (5), and (6), Minnesota Code of Professional Responsibility.

12. Respondent misappropriated from his law firm's trust account $72,526.29 belonging to his client, Ski–Lokr Corporation, an amount approximately equal to the amount advanced by respondent to ULLR.

13. Respondent's conduct in misappropriating moneys from Ski–Lokr violated DR 1–102(A)(3) and (4), DR 7–101(A)(3) and DR 9–102(A) and (B), Minnesota Code of Professional Responsibility.

In the stipulation, the respondent not only made those admissions but also acknowledged that he understood that the Director was recommending to this court that the appropriate discipline is disbarment pursuant to Rule 15, Rules on Lawyers Professional Responsibility. Respondent in the stipulation agrees not to contest the Director's recommendation and agrees to the imposition and payment of costs pursuant to Rule 24(a), Rules on Lawyers Professional Responsibility.

The court having examined the petition, the supplemental petition, the second supplemental petition and the stipulation herein NOW ORDERS:

1. The respondent James F. McGovern is hereby disbarred from the practice of law.

2. The respondent shall pay to the office of the Director $750 in costs pursuant to Rule 24(a), Rules on Lawyers Professional Responsibility.